BROWN GAVALAS & FROMM LLP
Attorneys for Petitioner
UNICORN ENTERPRISES INC.
355 Lexington Avenue
New York, New York 10017
(212) 983-8500

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
UNICORN ENTERPRISES INC.,                    Case No.: 11 Civ. 3310 (WHP)

               *Petitioner*,                              **ECF Case**

   -against-

SIDERURGICA DEL NORTE S.A.,

              *Respondent*.
-------------------------------------------------------X

## MEMORANDUM OF LAW IN SUPPORT OF PETITION TO COMPEL ARBITRATION

BROWN GAVALAS & FROMM LLP
Attorneys for Petitioner
UNICORN ENTERPRISES INC.
355 Lexington Avenue
New York, New York 10017
(212) 983-8500

OF COUNSEL:
*Peter Skoufalos*
*Patrick R. O'Mea*

Petitioner Unicorn Enterprises Inc. ("Petitioner") respectfully submits this memorandum of law in support of its Petition to Compel Arbitration (the "Petition") with respondent Siderurgica Del Norte S.A. ("Respondent"), along with the accompanying Affidavit of Patrick R. O'Mea, Esq. and the exhibits attached thereto.

## INTRODUCTION AND BACKGROUND

Petitioner commenced this action to obtain an order appointing an arbitrator and compelling Respondent to arbitrate certain disputes arising between the parties, as required by the arbitration clause of the parties' agreement.

Petitioner is the registered owner of the vessel MV OCEAN VOYAGER (the "Vessel"). By agreement dated May 23, 2010, Petitioner chartered the Vessel to Respondent for a one-time voyage to transport a cargo of 6,300 tons of hot rolled steel from the port of Charleston, South Carolina to the port of Barranquilla, Colombia. [Petition Ex. "A"]. The parties' agreement includes a clause that requires the parties to submit any dispute to arbitration in New York. [*Id.*]. Due to delays at both the loading and discharge ports, Respondent incurred demurrage and detention charges for use of the Vessel totaling at least $56,811.[1] [Petition ¶ 8]. Despite due demand, Respondent has failed to pay the amount owed. [*Id.*]. Petitioner has sought to amicably resolve the dispute, but no resolution has been reached. [*Id.*]. Petitioner commenced arbitration by writing to Respondent on February 4, 2011 to request that Respondent agree to the appointment a sole arbitrator pursuant to the terms of the parties' agreement. [Petition Ex. "C"]. However, Respondent has failed to respond to Petitioner's letter or to appoint an arbitrator. [Affidavit of Patrick R. O'Mea, Esq., dated May 16, 2011 (hereinafter, "O'Mea Aff.") ¶ 7].

Accordingly, Petitioner now seeks an order appointing an arbitrator and compelling

---

[1] Petitioner reduced its demand to $50,000 in order to fall within the limit for expedited small claims procedure. [Pet. ¶ 9].

1

Respondent to arbitrate Petitioner's claims. For the following reasons, Petitioner respectfully submits that such an order is warranted.

## ARGUMENT

### A. The Parties' Agreement

The charter agreement between Petitioner and Respondent contains a mandatory arbitration clause that states:

> **CLAUSE 36: (ARBITRATION)**
>
> Any dispute arising between Owners and Charterers under this Charter-Party shall be referred to Arbitration in New York and USA law to apply.
>
> One arbitrator to be appointed by Owners and the other by Charterers. In case the two arbitrators not agreeing, an umpire to be appointed by them. The award of the two arbitrators or the umpire to be final and binding upon both parties. For claims up to USD50,000 inclusive, the LMMA [sic] Small Claims Procedure to apply. Any claim to be time barred after twelve (12) months of completion of discharge, unless arbitration has been sooner commenced.

[Petition ¶ 7, Ex. "A"].

Clause 36 is a broad arbitration clause and applies to all claims arising under the parties' agreement, including Petitioner's claim for unpaid demurrage and detention. *See Lito Shipping Corp. v. Pioneer Petroleum Prods.*, 1997 AMC 2226 (1997) (granting petition to compel arbitration of demurrage dispute where parties' agreement called for arbitration of "any and all differences and disputes of whatsoever nature arising out of this Charter . . . .").

### B. The Federal Arbitration Act

Under the Federal Arbitration Act, 9 U.S.C. § 1 et seq. ("FAA"), agreements to arbitrate are valid and enforceable. Specifically, Section 2 of the FAA states:

> A written provision in any maritime transaction or a contract

2

> evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or any part thereof, or an agreement in writing to submit to arbitration an existing controversy arising out of such a contract, transaction, or refusal, shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

9 U.S.C. § 2. Section 2 constitutes "a congressional declaration of a liberal federal policy favoring arbitration agreements . . . . The effect . . . is to create a body of federal substantive law of arbitrability, applicable to any arbitration agreement within the coverage of the Act." *Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983).

Section 4 of the FAA sets forth the procedure for compelling arbitration when one party fails to abide by the other's request for arbitration. Specifically, Section 4 states that:

> A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court which, save for such agreement, would have jurisdiction under Title 28, in a civil action or in admiralty of the subject matter of a suit arising out of the controversy between the parties, for an order directing that such arbitration proceed in the manner provided for in such agreement. Five days' notice in writing of such application shall be served upon the party in default. Service thereof shall be made in the manner provided by the Federal Rules of Civil Procedure. The court shall hear the parties, and upon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement.

9 U.S.C. § 4. Here, the parties' agreement provides for arbitration in New York, so this Court is the proper venue for a petition to compel arbitration.

Section 5 of the FAA permits the Court to appoint an arbitrator if either party fails to do so as provided by the agreement. Specifically, Section 5 of the FAA states:

> If in the agreement provision be made for a method of naming or

3

> appointing an arbitrator or arbitrators or an umpire, such method shall be followed; but if no method be provided therein, or if a method be provided and any party thereto shall fail to avail himself of such method, or if for any other reason there shall be a lapse in the naming of an arbitrator or arbitrators or umpire, or in filling a vacancy, then upon the application of either party to the controversy the court shall designate and appoint an arbitrator or arbitrators or umpire, as the case may require, who shall act under the said agreement with the same force and effect as if he or they had been specifically named therein; and unless otherwise provided in the agreement the arbitration shall be by a single arbitrator.

9 U.S.C. § 5.

### C. This Court Should Grant the Petition

The parties' agreement to arbitrate covers "[a]ny dispute" arising under the charter agreement, which include claims for demurrage owed by Respondent. This is a broad agreement to arbitrate, and the scope covers Petitioner's claims here. *See Lito Shipping Corp.*, 1997 AMC 2226. The clause is a written provision in a maritime contract, so it satisfies the requirements of Section 2 of the FAA and is a "valid, irrevocable, and enforceable" agreement to arbitrate.

Petitioner has demanded that Respondent appoint an arbitrator to arbitrate the parties' dispute, but Respondent has failed to either agree to Petitioner's proposed arbitrator or proffer the names of arbitrators to which Respondent would agree. Accordingly, Petitioner is entitled to an order pursuant to Section 4 of the FAA directing Respondent to proceed to arbitration in accordance with the terms of the agreement.

Under the terms of the parties' agreement, claims under $50,000 are resolved according to the Small Claims Procedure of the London Maritime Arbitrators Association. [Petition Ex. "A"]. The Small Claims Procedure provides that disputes shall be resolved by a sole arbitrator. [Petition Ex. "B"]. Petitioner has proposed in a letter to Respondent that Mr. Thomas F. Fox act as sole arbitrator [Petition Ex. "C"], but Respondent has failed to respond to Petitioner's letter or

4

otherwise comply with its obligations in connection with the selection of a sole arbitrator.

Under Section 5 of the FAA, this Court has the power to appoint an arbitrator if either party fails in its obligation to do so. 9 U.S.C. § 5. Respondent has failed to respond to Petitioner's requests to agree to an arbitrator or to proffer the name of an arbitrator to which it would agree. [O'Mea Aff. ¶ 7]. Accordingly, this Court has the power to appoint an arbitrator upon the present application.

To assist the Court in the task of selecting an arbitrator, Exhibit "D" to the Petition is the roster of members of the Society of Maritime Arbitrators ("SMA"). The members of the SMA are experienced arbitrators with backgrounds in the maritime industry, and are particularly suited to arbitrate the parties' dispute here. Although any of the arbitrators listed in the SMA roster would be acceptable to Petitioner, Mr. Thomas F. Fox is known to the undersigned as a particularly diligent, knowledgeable, and fair arbitrator.

## CONCLUSION

For the foregoing reasons, Petitioner respectfully requests that the Court appoint an arbitrator and compel Respondent to arbitrate the dispute set forth in the Petition, along with such further and different relief as the Court deems just and proper.

Dated: New York, New York
May 17, 2011

BROWN GAVALAS & FROMM LLP
Attorneys for Petitioner
UNICORN ENTERPRISES INC.

By: _____
Peter Skoufalos (PS-0105)
Patrick R. O'Mea (PO-0424)
355 Lexington Avenue
New York, New York 10017
(212) 983-8500
pro@browngavalas.com